DLD-241                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 15-2168 & 15-2696
_____

SAMSON B. SLEWION,

Appellant

v.

NORMAN WEINSTEIN;
CHARLES J. SCHLEIFER;
RICHARD T. KUPERSMITH

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:14-cv-07313)
District Judge:  Honorable C. Darnell Jones, II

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2016
Before:  CHAGARES, GREENAWAY, JR. and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 24, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Samson Slewion, proceeding pro se, appeals from the District Court's orders dismissing his complaint with prejudice and denying his "motion for extension of time" to file a notice of appeal. For the reasons set forth below, we will summarily affirm the order dismissing his complaint, and we will dismiss as moot the appeal from the order denying the "motion for extension of time."

This action is Slewion's second lawsuit alleging legal malpractice in connection with his representation in a personal injury action. In 2004, Slewion hired the defendants to represent him in a personal injury tort action in the Philadelphia Court of Common Pleas. Slewion was ultimately awarded $50,000 by an arbitration panel. In 2010, Slewion filed a complaint in the District Court alleging legal malpractice by the defendants based on their failure to request more than $50,000 for his injuries and for submitting his claims to arbitration. The District Court granted the defendants' motion to dismiss and dismissed the complaint with prejudice because Slewion failed to file the requisite certificate of merit under Pennsylvania law and because his claims were time-barred by Pennsylvania's two year statute of limitations. See Slewion v. Weinstein, No. 10-5325, 2012 WL 3194047 (E.D. Pa. Aug. 6, 2012) (non-precedential) [hereinafter the 2010 action]. This Court affirmed the judgment. Slewion v. Weinstein, No. 12-3266, 2013 WL 979432, at *2 (3d Cir. Mar. 14, 2013) (per curiam).

In 2014, Slewion filed an application to proceed in forma pauperis and a proposed complaint in the District Court in which he again alleged legal malpractice by his former attorneys who represented him in the personal injury action. Slewion claimed that the

attorneys committed legal malpractice by proceeding with arbitration, as opposed to a jury trial, and only requesting $50,000 in damages, an amount Slewion claims is below the medical costs he incurred in connection with his injury. The District Court granted Slewion's application to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). The District Court determined that Slewion's claims were barred under the doctrine of res judicata and dismissed the complaint with prejudice.

Slewion appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and exercise plenary review over the District Court's dismissal of Slewion's complaint for failure to state a claim under § 1915(e).[2] See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we will summarily affirm the District Court's decision because the appeal does not raise a substantial question. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] On our remand, the District Court granted relief on Slewion's motion to reopen the time for appeal contained in his notice of appeal. See Fed. R. App. P. 4(a)(6). Accordingly, Slewion's notice of appeal of the District Court's order dismissing his complaint was timely.

[2] On June 19, 2015, in the District Court, while his appeal of the order of dismissal was pending, Slewion filed a "motion for extension of time" to appeal. The District Court denied that motion and Slewion separately filed a notice of appeal from that order. The two pending appeals – of the dismissal of his complaint and the denial of his motion for extension of time to appeal – have been consolidated for disposition. As previously noted, on our remand, the District Court subsequently granted Slewion relief on his motion to reopen the time for appeal contained in his notice of appeal. And, as Slewion wished, we are hearing his appeal from the order dismissing his complaint. There is no other relief we can give him from the challenged order, so we must dismiss as moot that portion of this consolidated appeal. See Gen. Elec. Co. v. Cathcart, 980 F.2d 927, 934 (3d Cir. 1992) ("'Generally, an appeal will be dismissed as moot when events occur during [its] pendency . . . which prevent the appellate court from granting any effective relief.'").

We agree with the District Court that Slewion's claims against the defendants are barred by the principles of res judicata, or claim preclusion.[3] The doctrine of claim preclusion bars a suit where there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991); see also United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984).

Slewion's current lawsuit meets all three requirements. First, Slewion received a final judgment on the merits when the District Court dismissed with prejudice his legal malpractice claims in the 2010 action. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 & n.3 (1981) (stating that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits" and has claim preclusive effect) (internal quotations omitted). Second, Slewion named his three former attorneys as defendants both here and in the 2010 action. Third, the present complaint and the complaint in the 2010 action were both based on the same cause of action, as the complaints both alleged legal malpractice in connection with his representation in the personal injury action.[4] As a result, res judicata bars Slewion's claims against the defendants. Moreover, the District Court did not err when it dismissed the complaint

---

[3] The District Court's opinion refers to the doctrine of res judicata as the reason for dismissal. We will use the term "claim preclusion." See In re Cont'l Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002).

[4] Slewion himself noted in his complaint that he was refiling his action.

with prejudice.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that leave to amend need not be granted if amendment would be futile).

Accordingly, we will affirm the District Court's order dismissing Slewion's complaint.  Also, as we noted previously, we will dismiss as moot this consolidated appeal insofar as it relates to the District Court's order denying Slewion's motion for an extension of time to appeal.